IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * |
| RAYMOND RANDOLPH KING, | *  Crim. No. 22-366-PJM |
| Defendant. | * |

## MEMORANDUM OPINION

Defendant Raymond Randolph King, through counsel, has filed a Motion for Review of Order of Detention and Request for Expedited Hearing (ECF No. 54). The Government has filed a response in opposition (ECF No. 57). For the following reasons, the Court finds no hearing necessary and will **DENY** King's Motion.

### I.

October 26, 2022, King was indicted on one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). The conduct charged is alleged to have occurred in November 2021 and, at the time of the charged conduct, King he was on parole for a prior state-court conviction.

On January 9, 2023, King had an initial appearance on his Indictment and was ordered detained by agreement. ECF Nos. 14, 15. King also waived his rights under the Interstate Agreement on Detainers because he was, at that time, serving a state-court term of imprisonment for a violation of probation. That term of imprisonment, which King served at the United States Penitentiary Big Sandy in Kentucky, concluded on or about January 12, 2024. Upon the expiration

1

of his term of imprisonment on the state-court charges, King was released with an itinerary to return to this judicial district notwithstanding the agreed upon Order of Detention in this case.

After his release, King did not report his presence in Maryland or the surrounding area to the Court or its officers, so the Government sought and the Court issued an arrest warrant for King on February 26, 2024. ECF Nos. 40, 42. On March 28, 2024, King was apprehended on the arret warrant. *See* ECF No. 55.

On April 3, 2024, King appeared before Magistrate Judge Quereshi for a detention hearing and an arraignment. ECF No. 50. After receiving evidence and hearing oral arguments from counsel for King and the Government, the Magistrate Judge concluded that the Government had proved by clear and convincing evidence that no combination of conditions set forth in 18 U.S.C. § 3142(c) could be imposed to ensure the safety of the community if King were released from detention pending trial. Magistrate Judge Quereshi's conclusion was premised on his determinations that: (1) the Government's evidence against King was strong; (2) King has a lengthy prior criminal history; (3) he previously engaged in criminal activity while on probation, parole, or supervision; (4) he has a history of violence or use of weapons; and (5) he has a history of alcohol or substance abuse. Accordingly, the Magistrate Judge ordered King detained pending his trial in this case.

## II.

King challenges the Magistrate Judge's detention order and seeks an expedited hearing on the matter primarily on the grounds that, under the Bail Reform Act of 1984, criminal defendants enjoy a presumption in favor of pretrial release and his belief that certain conditions, such as home confinement, a strict curfew, electronic monitoring, and/or the supervision of a third-party custodian could ensure the safety of the community and reduce his risk of flight. To that end, King

has identified an individual with whom he is close as a possible third-party custodian. As indicated, the Government opposes King's Motion, and defends Magistrate Judge Quereshi's detention order as correctly decided.

Pursuant to 18 U.S.C. § 3145(b), a criminal defendant ordered detained by a magistrate judge may challenge his or her detention by filing a motion for review with a district court judge. *See* 18 U.S.C. § 3145(b). When considering such a motion, a district court must promptly make a "*de novo* determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge" at the time of the detention order. *United States v. Martin*, 447 F. Supp. 3d 399, 402 (D. Md. 2020) (citations omitted). Although a district court "may" hold an evidentiary hearing on such a motion, ample authority holds that the decision of whether to do so lies within the district court's discretion. *See id.* (collecting cases); *see also United States v. Fombe*, No. DKC 19-452-1, 2023 U.S. Dist. LEXIS 168930, at *1 (D. Md. Sep. 22, 2023); *United States v. Whyte*, No. 3:19-cr-64-1 (VLB), 2020 U.S. Dist. LEXIS 71438, at *16 (D. Conn. Apr. 8, 2020).

Under the Bail Reform Act, defendants are entitled to a presumption in favor of release pending trial. *See United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, the law instructs district courts to impose the "least restrictive" means of ensuring the appearance of the defendant at subsequent proceedings and the safety of the community. 18 U.S.C. § 3142(c)(1)(B). If, however, the Court shows by clear and convincing evidence that no combination of conditions will either ensure the defendant's appearance in court or the safety of the community, the Court may order that the defendant be detained. *Id.* § 3145(f)(2).

To make this determination, the Court performs an individualized assessment of the defendant's history and characteristics, "the nature and circumstances of the offense charged, the

weight of the evidence," and "the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *Fombe*, 2023 U.S. Dist. LEXIS 168930, at *2 (citing 18 U.S.C. § 3142(g)).

Having reviewed the record available to Magistrate Judge Quereshi at the time of the April 3 detention hearing, and having listened to a recording of that hearing, the Court concludes that the Magistrate Judge correctly ordered King detained pending trial. In addition to the reasons cited by Magistrate Judge Quereshi in support of the detention order, the following observations counsel in favor of King's detention.

First, the record shows that King has violated the terms of his parole or supervised release three times previously. Most alarmingly, the present felon-in-possession charge against King relates to his conduct while serving a term of parole. "The best predictor of how" King "will behave if he were to be released is how he has behaved when released in the past, and his track record is a poor one." *Martin*, 447 F. Supp. 3d at 403.

Second, King has a lengthy criminal record going back to as early as 2007. Several of his charges and convictions related to violent conduct, such as robbery, and many pertain to unlawful possession of a weapon. As such, his release is likely to pose a danger to the community. *See id.*

Third, even if the Court were to order home confinement for King (which he requested during the April 3 detention hearing), there are substantial reasons to doubt that his proposed third-party custodian would be able to ensure his compliance with the terms of his pretrial release. Counsel for the Government brought those reasons to Magistrate Judge Quereshi's attention during a sealed portion of the detention hearing, and King's counsel neither objected to nor challenged the Government's representations as to those reasons. Having listened to a recording of the

hearing, the Court declines to adopt King's suggestion that he be released to the custody of King's proposed third-party custodian given this uncertainty.

### III.

In sum, the Court will **DENY** King's Motion for Review of Order of Detention and Request for Expedited Hearing (ECF No. 54).

A separate Order will **ISSUE**.

April 16, 2024

/s/ PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE